UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATALIE DOTSON AKA JUAN
JESUS CORTEZ,

          Plaintiff,                    Case No. 2:14-cv-1431

      v.                            CHIEF JUDGE EDMUND A. SARGUS, JR.
                                     Magistrate Judge Terence P. Kemp

CITY OF NEWARK, et. al.,

          Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' (the City of Newark, Newark Police Department, Officer Lynn Riley, Officer Lake, Officer Fumi, Officer Brunton and Animal Control Officer Toby Willis) Motion to Dismiss (Doc. No. 14), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff Natalie M. Dotson a.k.a. Juan Jesus Cortez ("Plaintiff") sought leave to proceed with this lawsuit *in forma pauperis* (Doc. No. 1) on September 9, 2014. Plaintiff's motion was granted on September 5, 2014 and Plaintiff filed a Complaint (Doc. No. 4) (the "Complaint") on September 5, 2014, against Defendants, the City of Newark, Newark Police Department, Licking Memorial Hospital, Keith Staggers, Toby Wills, Todd Brunton, Lynn Riley, Officer Stemple, Officer Fumi, and Officer Lake.

In the Complaint, Plaintiff alleges that police failed to file a report in response to a phone call reporting a theft on January 21, 2014. Complaint, at p. 3. Plaintiff further alleges that, in a separate incident, after slipping and falling while walking a service dog, Plaintiff was harassed

by the police at Licking Memorial Hospital.  Police allegedly interfered with Plaintiff's medical care, took a false report from a nurse that Plaintiff was engaging in disorderly behavior, and a hospital security guard, Defendant Keith Staggers ("Staggers"), attacked Plaintiff "by the face and ear" while Plaintiff was already handcuffed and subdued.  *Id.*  Finally, the Complaint alleges, Plaintiff was transported to jail and charged.  *Id.*

Defendants, the City of Newark, Newark Police Department, Officer Lynn Riley, Officer Lake, Officer Fumi, Officer Brunton, and Animal Control Officer Toby Wills, filed the instant motion on October 2, 2014.

## II. MOTION TO DISMISS

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (clarifying the plausibility standard articulated in *Twombly* ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level...." *Twombly,* 550 U.S. at 555.  "All of the well-pleaded allegations of the complaint must be treated as true, though we need not accept Plaintiff's legal conclusions or draw unwarranted factual inferences." *Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002).

Defendants argue that the Plaintiff does not sufficiently allege a violation of Plaintiff's constitutional rights.  Even if the Court construed the facts in the light most favorable to the

Plaintiff, Defendants assert, the Complaint lacks specific allegations indicating a deprivation of rights. As a result, Defendants argue, the claim is facially deficient and must be dismissed.

Any document filed by a *pro se* plaintiff is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.E.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976)). In particular, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* Yet, courts may not be "willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Reading the Complaint in the light most favorable to the Plaintiff, the Court is only able to decipher one potential federal cause of action brought in the instant suit.[1] Plaintiff alleges that "Hospital Security Guard Keith Staggers attacked" Plaintiff "by the face and ear" after Plaintiff was already handcuffed and subdued. Complaint, at p. 3. The Court examines these facts in light of whether Plaintiff has plausibly stated a claim for use of excessive force under 42 U.S.C. § 1983—and finds that Plaintiff has not. It is a necessary element of § 1983 that the alleged defendant was acting under the color of state law. *See Moss v. Columbus Bd. Of Educ.*, 98 F. App'x 393, 395 (6th Cir. 2004) (finding failure to allege nongovernmental defendants acted under color of state law precludes § 1983 claim). Here, Plaintiff has failed to allege that Staggers, a nongovernmental employee, was acting under the color of state law. Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

---

[1] The Court has only considered the question of whether the Complaint states a viable federal claim. The Court does not, and may not consider any possible state law claims. Despite Plaintiff's indication in the Complaint that the Court has federal question jurisdiction over this action, the Court has considered whether Plaintiff has plausibly stated a claim under either 28 U.S.C. § 1343(3) or 28 U.S.C. § 1331.

## III.

For the reasons stated above, Defendants' Motion to Dismiss (Doc. No. 14) is

**GRANTED**.

**IT IS SO ORDERED.**

_5 – 20 – 2015_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT CHIEF JUDGE**